THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VICTOR KING, Defendant-Appellant.

Third District   No. 78-260

Opinion filed July 16, 1979.

Robert Agostinelli and Mark W. Burkhalter, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a jury trial the defendant, Victor King, was found guilty of the offense of the unlawful delivery of cocaine. He was sentenced by the circuit court of Peoria County to a term of imprisonment of from 3 to 9 years.

On this appeal the defendant argues the trial court erred, first, in failing to award him a new trial because unfair and prejudicial remarks of the State's Attorney deprived him of a fair trial and, second, in failing to

provide him with sufficient information to enable him to meaningfully select between two possible punishment statutes. We affirm.

For the purpose of resolving issues on this appeal it is sufficient to say the evidence tended to show the defendant, Victor King, sold cocaine to George Murray, an undercover agent. The undercover agent testified in detail about the transaction and his conversations with the defendant. Defendant denied making the sale or knowing the undercover agent.

During his rebuttal argument, referring to George Murray, the prosecutor stated:

> "And, furthermore, you have to risk your very life to protect the society in which we live. If he was discovered at any time during the time that he was undercover, he was a dead man."

Defense counsel immediately objected and moved for a mistrial. The objection was sustained, the motion for a mistrial denied and the jury was instructed to disregard the remark.

Even though the trial court cautioned the jury to disregard the remarks of the prosecutor, defendant claims that he was deprived of a fair trial. We believe the remarks were improper because not supported by evidence. (*People v. Beier* (1963), 29 Ill. 2d 511, 194 N.E.2d 280.) Comments which are outside the record are improper because they are the unsworn testimony of the prosecutor. (*People v. Bitakis* (1972), 8 Ill. App. 3d 103, 289 N.E.2d 256.) Although not claimed as justification for the remarks at the time, the prosecution on this appeal also suggests the remarks were proper because invited by argument of defense counsel.

■■ Standing alone we believe the remarks are improper, but nevertheless we believe they were harmless and did not prejudice the defendant's right to a fair trial. The remarks related to a collateral issue having nothing to do with the credibility of any of the witnesses and we fail to see how the remarks could have had any effect on the jury's deliberations. (See *People v. Berry* (1960), 18 Ill. 2d 453, 165 N.E.2d 257, and *People v. Wilbourn* (1978), 56 Ill. App. 3d 1022, 372 N.E.2d 874.) Accordingly, we hold that the court did what was appropriate under the circumstances and the procedure did not deprive defendant of a fair trial.

■■ Next defendant argues that he was deprived of sufficient information at his sentencing hearing to enable him to make a meaningful choice between the sentencing statute in effect at the time of the commission of the offense and a later statute in effect at the time of the trial. According to the defendant, he was entitled to know of the precise sentence which he might receive under either alternative. We have recently held adversely to this contention in *People v. Rickman* (1979), ___ Ill. App. 3d ___, ___ N.E.2d ___, and *People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554. In those cases the court held that it was only necessary to advise the defendant of the plan or system of sentencing and it was unnecessary to

advise the defendant regarding a specific sentence. We adhere to the rulings in those cases and believe it is unnecessary to discuss the issue at length.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.